# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTHUR L. HAIRSTON, SR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MARTINSBURG VA MEDICAL ) <br> CENTER, *et al.*, ) <br> ) <br> Defendants. ) | Civil Action No. 17-1517 <br><br> Judge Cathy Bissoon |

## ORDER TRANSFERRING CASE

On November 21, 2017, Plaintiff Arthur L. Hairston, Sr. filed a Motion for Leave to Proceed in Forma Pauperis, attaching a Complaint and Motion for Appointment of Counsel. (Doc. 1). In his Complaint, Plaintiff alleges that he resides in Martinsburg, West Virginia. Plaintiff is suing his employers at the VA Medical Center located in Martinsburg, West Virginia, based on alleged violations of federal employment law that took place at that facility.

In cases such as this one, in which subject matter jurisdiction is not founded on the parties' diversity, the federal venue statute holds venue proper only in the following districts:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such matters.

28 U.S.C. § 1391(b).

The Court finds that venue is improper in this district under any applicable analysis. First, the Complaint reflects that all of the parties are located in Martinsburg, West Virginia.

1

Thus, the first requirement has not been met. Venue is also improper under the second requirement since a "substantial part" of the events giving rise to Plaintiff's claims did not occur in the Western District of Pennsylvania. Venue also is inappropriate under the third requirement because the defendants cannot be found in the Western District of Pennsylvania. In sum, this district is an improper venue under § 1391(b) for the claims brought in this lawsuit.[1]

Having determined that venue in this case is improper in this district, the Court must decide whether to dismiss the case or transfer the case to a district where venue is properly laid pursuant to 28 U.S.C. § 1406(a). That statute provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

As in initial matter, it is clear that this action could have been brought in the United States District Court for the Northern District of West Virginia. Next, the Court must choose whether to transfer the case to the Northern District of West Virginia or dismiss the case outright. "In most cases of improper venue, the courts conclude that it is in the interest of justice to transfer to a proper forum rather than to dismiss the litigation." 14D Wright & Miller § 3827 at 540 (4th Ed. 2013); see also Holiday v. Bally's Park Place, Inc., No. 06-4588, 2007 WL 2600877, at *2 (E.D. Pa. Sept. 10, 2007) ("Generally, transfer to a proper forum is preferable to outright dismissal because it prevents repetitive motion practice and unnecessary costs."). This case is no different. Transfer in this case will save the time and expense associated with

---

[1] The Court understands that Plaintiff may be confused by this because his charge of discrimination was investigated by the Pittsburgh, Pennsylvania office of the Equal Employment Opportunity Commission (EEOC). That investigation, however, does not render venue appropriate in this district.

initiating a new lawsuit.  See Decker v. Dyson, 165 Fed. Appx. 951, 954 n.3 (3d Cir. 2006) (district court may sua sponte transfer under § 1406(a)).

For the reasons set forth herein, is hereby ORDERED that the Clerk of Court shall TRANSFER this case to the United States District Court for the Northern District of West Virginia.

IT IS SO ORDERED.


November 29, 2017                                                          s/Cathy Bissoon
                                                                           Cathy Bissoon
                                                                           United States District Judge

cc (via ECF email notification):

All Counsel of Record

Via First-Class United States Mail to:

ARTHUR L. HAIRSTON, SR.
521 W. Race Street
Martinsburg, WV 25401